TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
RAHUL R.A. HARI (Cal. Bar No. 313528)
NEIL P. THAKOR (Cal. Bar No. 308743)
Assistant United States Attorneys
General Crimes Section
IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division
JENNA W. LONG (Cal. Bar No. 332192)
Assistant United States Attorney
National Security Division
    1200/1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6159/6595/8692
    Facsimile: (213) 894-0141
    Email:   Rahul.Hari@usdoj.gov
           Neil.Thakor@usdoj.gov
           Jenna.Long@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 25-923-JWH |
|     Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR A BILL OF PARTICULARS |
|       v. | |
| ELMORE SYLVESTER CAGE, | Hearing Date: December 12, 2025 |
|     Defendant. | Hearing Time: 1:00 p.m. |
| | Location:   Courtroom of the Hon. John W. Holcomb |

Plaintiff United States of America, by and through its counsel

of record, the First Assistant United States Attorney for the Central

District of California and Assistant United States Attorneys Jenna W.

Long, Rahul R.A. Hari, and Neil P. Thakor, hereby files its

1  opposition to defendant Elmore Sylvester Cage's motion for a bill of

2  particulars (Dkt. No. 80).

3      This opposition is based upon the attached memorandum of points

4  and authorities, the declaration of Rahul R.A. Hari and its exhibits,

5  attached hereto, the files and records in this case, and such further

6  evidence and argument as the Court may permit.

7  Dated: December 5, 2025       Respectfully submitted,

8                                TODD BLANCHE
                                 Deputy Attorney General
9                                BILAL A. ESSAYLI
                                 First Assistant United States Attorney
10
                                 ALEXANDER B. SCHWAB
11                               Assistant United States Attorney
                                 Acting Chief, Criminal Division
12
                                 IAN V. YANNIELLO
13                               Assistant United States Attorney
                                 Chief, National Security Division
14

15              /s/ Rahul R.A. Hari
                                 RAHUL R.A. HARI
16                               NEIL P. THAKOR
                                 JENNA W. LONG
17                               Assistant United States Attorneys

18                               Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA
19

20

21

22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2    DESCRIPTION                                                      PAGE

3    TABLE OF AUTHORITIES...............................................i

4    MEMORANDUM OF POINTS AND AUTHORITIES...............................1

5    I.    INTRODUCTION..................................................1

6    II.   STATEMENT OF FACTS............................................1

7    III.  LEGAL STANDARD................................................4

8    IV.   ARGUMENT......................................................6

9          A.   A Bill of Particulars Serves a Narrow Purpose...........6

10         B.   The Indictment Provides Sufficient Notice of the
                Charges and the Government's Theories of the Case.......8

11

12         C.   Discovery Obviates the Need for a Bill of Particulars...12

13         D.   There is No Basis for the Additional Disclosures
                Defendant Demands......................................13

14   V.    CONCLUSION...................................................14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF AUTHORITIES**

DESCRIPTION                                                                 PAGE

**CASES**

Cooper v. United States,
    282 F.2d 527 (9th Cir. 1960)..................................6

United States v. Alvarez,
    Case No. 14-CR-00120 EMC (NC), 2014 WL 7240670 (N.D.Cal.
    Dec. 19, 2014)...............................................11

United States v. Armstrong,
    909 F.2d 1238 (9th Cir. 1990)................................10

United States v. Boyajian,
    Case No. CR 09-933-CAS, 2015 WL 9239703 (C.D. Cal. Dec. 17,
    2015)........................................................7

United States v. Cerna,
    Case No. CR 08-0730 WHA, 2009 WL 2998929 (N.D. Cal. Sept.
    16, 2009)....................................................9

United States v. DiCesare,
    765 F.2d 890 (9th Cir. 1985)..............................9, 13

United States v. Dreitzler,
    577 F.2d 539 (9th Cir. 1978).................................5

United States v. Ellis,
    121 F. Supp. 3d 927 (N.D. Cal. 2015).......................10

United States v. Federbush,
    625 F.2d 246 (9th Cir. 1980).................................5

United States v. Galecki,
    Case No. 15-cr-00285-APG-PAL, 2018 WL 2390062 (D. Nev. May
    24, 2018)...................................................13

United States v. Giese,
    597 F.2d 1170 (9th Cir. 1979).....................4, 6, 7, 12

United States v. Grasso,
    173 F. Supp. 2d 353 (E.D.Pa. 2001)...........................5

United States v. Hsia,
    24 F.Supp.2d 14 (D.D.C. 1998)...............................11

United States v. Ilegbameh,
    Case No. CR-13-00201-MWF, 2013 WL 12169352 (C.D. Cal. Oct.
    29, 2013)....................................................7

United States v. Long,
    706 F.2d 1044 (9th Cir. 1983).............................5, 12

i

**TABLE OF AUTHORITIES (CONTINUED)**

DESCRIPTION                                                          PAGE

United States v. Lopez,
    Case No. SACR 16-00113 JLS, 2017 WL 1086322 (C.D. Cal. Mar.
    21, 2017)..................................................7

United States v. Mancuso,
    718 F.3d 780 (9th Cir. 2013)...............................13

United States v. Martin,
    783 F. 2d 1449 (9th Cir. 1986).............................4

United States v. McElhiney,
    Case No. CR 02-938-GHK, 2007 WL 9676736 (C.D. Cal. Mar. 12,
    2007)......................................................7

United States v. Miguel,
    Case No. No. CR 10-00527, 2010 WL 3528984 (D. Haw. Sept. 9,
    2010).....................................................14

United States v. Norwood,
    Case No. 12-CR-20287, 2014 WL 106857 (E.D. Mich. Jan. 10,
    2014)......................................................9

United States v. Ojeikere,
    299 F. Supp.2d 254 (S.D.N.Y. 2004)........................14

United States v. Omidi,
    Case No. CR 17-661(A)-DMG, 2018 WL 11230474 (C.D. Cal. May
    21, 2018)..................................................7

United States v. Onuoha,
    Case No. CR 13-00676-BRO, 2014 WL 12633531 (C.D. Cal. Jan.
    31, 2014)..................................................7

United States v. Robertson,
    15 F.3d 862 (9th Cir. 1994)................................4

United States v. Rothenberg,
    Case No. 20-CR-00266-JST-1, 2021 WL 6807581 (N.D. Cal. Dec.
    6, 2021)..................................................10

United States v. Ruiz, et al.,
    Case No. 2:25-CR-00680-SVW (C.D. Cal. Nov. 4, 2025)...........8

United States v. Ryland,
    806 F.2d 941 (9th Cir. 1986)........................6, 7, 10

United States v. Singh,
    Case No. 2:14-CR-00648-CAS-9, 2017 WL 3701448 (C.D. Cal.
    Aug. 17, 2017)............................................12

**TABLE OF AUTHORITIES (CONTINUED)**

DESCRIPTION                                                              PAGE

United States v. Vargas,
    Case No. 15-CR-00530-BLF-2, 2016 WL 1446773 (N.D. Cal. Apr.
    13, 2016).....................................................10

United States v. Vaughn,
    722 F.3d 918 (7th Cir. 2013)..................................4

United States v. Young & Rubicam, Inc.,
    741 F. Supp. 334 (D. Conn. 1990).............................14

Yeargain v. United States,
    314 F.2d 881 (9th Cir. 1963)..................................7

**STATUTES**

18 U.S.C. § 231..............................................1, 8

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3    Defendant Elmore Sylvester Cage ("defendant") is charged in a

4    single-count indictment stemming from acts that took place over a

5    single-day.  The facts of this case are straightforward and

6    defendant's motion for particularity seeks a degree of evidentiary

7    detail that far exceeds the legal requirement necessary to ensure

8    defendant has notice of the charges against him, can prepare his

9    defense, and protect against double jeopardy.  Here, the indictment

10   and discovery fully apprise defendant of the charges and the

11   government's theories and requires no further particularity.

12   Defendant's motion should be denied in its entirety.

13   ## II.   STATEMENT OF FACTS

14   In early June 2025, federal law enforcement officials began

15   conducting immigration enforcement operations throughout the Los

16   Angeles, California area.  (Complaint filed in 2:25-MJ-6126-DUTY,

17   Dkt. No. 1, ¶¶ 4, 9, attached hereto as **Exhibit A**.)  During and

18   following those operations, protests occurred in and around downtown

19   Los Angeles, California.  (Id.)  While many of the protestors

20   peacefully exercised their First Amendment rights, some individuals

21   directly engaged in violent actions to obstruct, impede, or interfere

22   with law enforcement officers.  (Id. ¶¶ 4, 9-11.)  Along with eight

23   other individuals (whom were later indicted in 2:25-CR-731(A)-JFW),

24   on October 2, 2025, defendant was charged by complaint with

25   Obstructing, Impeding, and Interfering with Law Enforcement During a

26   Civil Disorder, in violation of 18 U.S.C. § 231(a)(3).  (Ex. A at 1.)

27   The complaint has a few pictures of defendant from different times in

28   civil disorders on June 8, 2025.  (Ex. A ¶¶ 17, 28.)  Specifically,

pictures in the complaint show defendant with another individual charged in the complaint near an overpass where California Highway Patrol Officers were targeted in the vicinity of an overpass of the United States 101 Highway and defendant is pictured later that evening after dark hurling a rock towards Los Angeles Police Department ("LAPD") officers a couple blocks north. (Id.) Near the historic Olvera Street district, several protestors placed fence posting, traffic signs, cones, and debris in a public roadway, blocking passage and creating a makeshift barricade. Standing behind this barricade, individuals threw lit fireworks and debris in the direction of a line of LAPD officers that appear to be advancing towards the barricade. As the complaint explains, defendant was arrested[1] by LAPD later than evening along with two individuals

---

[1] After his arrest by local authorities, on June 10, 2025, defendant was charged in the Superior Court of California, Los Angeles County with three counts: (1) assault upon LAPD officers with a deadly weapon, (2) attempt to commit violent injury on LAPD officers, and (3) participation in an unlawful assembly. (Declaration of Rahul R.A. Hari ("Hari Decl.") ¶ 6, Excerpts from State Court Proceeding, Ex. B at 1-2.) On August 21, 2025, the state dismissed count two of the misdemeanor complaint pursuant to California Penal Code section 1385 ("in the furtherance of justice"). (Ex. B at 4.) Contrary to defendant's claims, there is no indication from the state records that this charge was dismissed for insufficient evidence. (Compare Mot. at 4 with Ex. B at 4.) On August 26, 2025, after trial, defendant was convicted of misdemeanor assault with a deadly weapon (of the civilians the rock he hurled landed closer to than the officers) and participation in an unlawful assembly. (Ex. B at 6-7.) Consistent with the Justice Manual, 9-2.031, the government obtained a Petite waiver to bring federal charges based on substantially the same acts or transaction involved in a prior state proceeding before indicting defendant. This waiver was produced in the government's initial discovery. (Hari Decl. ¶ 7.) Further, in its discovery, the government produced all the files it obtained from defendant's state proceeding including a trial transcript. (Id.)

charged in the complaint after an individual in the car defendant was in threw an incendiary device at LAPD officers.  (Dkt. No. 1.)



On November 7, 2025, defendant was indicted on the charge in the Complaint.  (Dkt. No. 71 (hereinafter, the "Indictment").)  The single-count indictment alleges that defendant committed and attempted the substantive offense, and aided and abetted others in the commission of the offense under 18 U.S.C. § 2(a).  (Id.)

Defendant made a discovery request on November 18, 2025.  (Hari Decl. ¶ 3.)  On November 21, 2025, defendant filed the instant motion for a bill of particulars and a motion to dismiss the case, without previously meeting and conferring with government counsel.  (Mot.; Dkt. No. 81; Hari Decl. ¶ 2.)  In his motion, defendant requests the Court order the government to provide a bill of particulars specifying "the operative facts that the government intends to rely on to establish subject matter jurisdiction for count one."  (Mot. at 2.)

On November 23, 2025, the government produced an initial discovery production to defendant, including recorded interviews of defendant and the two others defendant was arrested with, photographs, video, state proceeding records, criminal history checks, and reports of investigation. (Hari Decl. ¶ 4.) Government counsel has also informed defense counsel that the government has voluminous additional video evidence from June 8, 2025, ready to produce as part of discovery and can do so once provided a hard drive. (Id.) Government counsel is working to obtain, process, and produce additional discoverable material expeditiously. (Id.)

## III. LEGAL STANDARD

The indictment must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. Proc. 7(c)(1). It must "contain a statement of the facts and circumstances that will inform the accused of the elements of the specific offense." United States v. Martin, 783 F. 2d 1449, 1452 (9th Cir. 1986). If an indictment fails to meet this standard, it can be corrected by a bill of particulars.

The consideration of whether an indictment satisfies Rule 7(c)(1) or whether Rule 7(f) requires a bill of particulars is similar: the key question is whether defendant has been sufficiently apprised of the charges against him. United States v. Vaughn, 722 F.3d 918, 927 (7th Cir. 2013); see United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979) ("To the extent that the indictment . . . itself provides details of the alleged offense, a bill of particulars is, of course, unnecessary"); United States v. Robertson, 15 F.3d 862, 873 (9th Cir. 1994) ("A bill of particulars was not necessary in this case because the indictment apprised [the defendant] of the

4

specific charges against him, thereby minimizing the danger of
surprise at trial[.]"), <u>rev'd on other grounds by</u> 514 U.S. 669
(1995); <u>United States v. Federbush</u>, 625 F.2d 246, 252 (9th Cir. 1980)
(holding the superseding indictment was sufficient to inform
defendants of "the essential facts of the crimes with which they were
charged and thus to obviate the need for a bill of particulars");
<u>United States v. Dreitzler</u>, 577 F.2d 539, 553 (9th Cir. 1978) ("There
was no abuse of discretion here the indictment was "adequate" to
allow the defendant to prepare).

Rule 7(f) of the Federal Rules of Criminal Procedure permits a
defendant to "move for a bill of particulars before or within 14 days
after arraignment or at a later time if the court permits," the
granting or denying of which is within the sound discretion of the
court. <u>United States v. Ayers</u>, 924 F.2d 1468, 1483 (9th Cir. 1991)
(citations omitted). A bill of particulars is designed to "apprise
the defendant of the specific charges being presented to minimize
danger of surprise at trial, to aid in preparation, and to protect
against double jeopardy." <u>United States v. Long</u>, 706 F.2d 1044, 1054
(9th Cir. 1983); <u>see</u> <u>Ayers</u>, 924 F.2d at 1483.

"In determining if a bill of particulars should be ordered in a
specific case, a court should consider whether the defendant has been
advised adequately of the charges through the indictment and all
other disclosures made by the government." <u>Long</u>, 706 F.2d at 1054.
The function of a bill of particular remains, "more akin to the
functions of an indictment than to discovery." <u>United States v.
Grasso</u>, 173 F. Supp. 2d 353, 366 (E.D. Pa. 2001) (citing <u>United
States v. Smith</u>, 776 F.2d 1104, 1111 (3rd Cir. 1985)). It is meant
to clarify ambiguity in the indictment, not to serve as a replacement

1   for discovery requests.  Id.  A defendant is not entitled to know all

2   of the evidence the government intends to produce, but only the

3   theory of the government's case.  United States v. Ryland, 806 F.2d

4   941,942 (9th Cir. 1986); United States v. Giese, 597 F.2d 1170, 1181

5   (9th Cir. 1979) (the purpose of a bill of particulars is not to

6   provide the defendant with every detail of the government's case).

7   **IV.   ARGUMENT**

8       Defendant is sufficiently apprised of the charges against him,

9   obviating the need for a bill of particulars.  Discovery --

10  production of which has begun -- will quell any remaining confusion

11  defendant may have.

12      **A.   A Bill of Particulars Serves a Narrow Purpose**

13      Defendants are not entitled to a bill of particulars to seek

14  "complete discovery of the government's evidence, which is not a

15  purpose of the bill of particulars." Giese, 597 F.2d at 1181.  It is

16  well established that a defendant may not use a bill of particulars

17  as a substitute for discovery or to obtain more information than

18  required by discovery rules.  See id. at 1180; Cooper v. United

19  States, 282 F.2d 527, 532 (9th Cir. 1960) ("Rule 7(f) . . . should

20  not be invoked to bring about a result prohibited in effect by Rule

21  16").  Thus, where a defendant seeks to use a bill of particulars as

22  a discovery device, courts routinely deny the motion.  For example,

23  in Giese, the defendant requested a list of conspiratorial acts

24  performed by each conspirator -- similar to defendant's instant

25  request for a list of every act each defendant (not just this

26  defendant) did to aid and abet every other defendant.  The Ninth

27  Circuit noted that "there is no requirement in conspiracy cases that

28  the government disclose even all the overt acts in furtherance of the

conspiracy." Giese, 597 F.2d at 1180 (citations omitted). The Court of Appeals affirmed the district court's denial of the motion, stating:

> Appellant's request for the 'when, where, and how' of every act in furtherance of the conspiracy was equivalent to a request for complete discovery of the government's evidence, which is not a purpose of the bill of particulars.

Giese, 597 F.2d at 1181; see also Ryland, 806 F.2d at 942; Yeargain v. United States, 314 F.2d 881, 882 (9th Cir. 1963).

Given this exacting standard, courts in this District routinely deny motions for bills of particulars where defendants seek more information than required under the discovery rules applicable to criminal cases. United States v. Lopez, Case No. SACR 16-00113 JLS, 2017 WL 1086322, at *1 (C.D. Cal. Mar. 21, 2017) ("[A] defendant may not use a motion for a bill of particulars to obtain full discovery of the government's evidence"); see also United States v. Omidi, Case No. CR 17-661(A)-DMG, 2018 WL 11230474, at *1 (C.D. Cal. May 21, 2018); United States v. Boyajian, Case No. CR 09-933-CAS, 2015 WL 9239703, at *1 (C.D. Cal. Dec. 17, 2015); United States v. Onuoha, Case No. CR 13-00676-BRO, 2014 WL 12633531, at *6 (C.D. Cal. Jan. 31, 2014); United States v. Ilegbameh, Case No. CR-13-00201-MWF, 2013 WL 12169352, at *2 (C.D. Cal. Oct. 29, 2013); United States v. McElhiney, Case No. CR 02-938-GHK, 2007 WL 9676736, at *1 (C.D. Cal. Mar. 12, 2007).

Recently, another court in this District denied a similar request for a bill of particulars concerning the same statutory charge. The defendant in that case sought a bill of particulars arguing that the government relied on an "obscure statute," failed to specify the impact on commerce or federal functions, and failed to

7

1   specify an obstructive act.  United States v. Ruiz, et al., Case No.

2   2:25-CR-00680-SVW, Dkt. No. 36 at 2, Dkt. No. 55, (C.D. Cal. Nov. 4,

3   2025)  Defendant's instant motion makes word-for-word these exact

4   arguments.  (Mot. at 1.)  The Ruiz court denied that defendant's

5   request for a bill of particulars in its entirety.  Ruiz, et al.,

6   Case No. 2:25-CR-00680-SVW, Dkt. No. 55.

7       **B.    The Indictment Provides Sufficient Notice of the Charges**

8            **and the Government's Theories of the Case**

9       Here, the Indictment and discovery being produced to defendant,

10  provides defendant with ample notice as to as to the nature and

11  substance of defendant's crime, to aid in preparation, and avoid risk

12  of twice being at jeopardy for the same crime.  The Indictment

13  specifies the statute violated, the date of the violation, and that

14  defendants' acts were aimed towards obstructing, impeding, and

15  interfering with a specific group of officers, that is, Los Angeles

16  Police Department officers.  (Dkt. No. 71.)  The Indictment further

17  alleges defendant is liable for this conduct (1) as a principal;

18  (2) for attempting the crime; and by (3) aiding and abetting others.

19  (Id.)  The Indictment also explicitly states the federal

20  jurisdictional element, tracking the statutory language of Section

21  231(a)(3): that the Los Angeles Police Department officers were

22  "engaged in the lawful performance of their official duties incident

23  to and during the commission of a civil disorder which in any way and

24  degree obstructed, delayed, and adversely affected commerce and the

25  movement of any article and commodity in commerce and the conduct and

26  performance of any federally protected function." (Id.; see also 18

27  U.S.C. § 231(a)(3).)  This language, which alleges alternative means

28  to fulfill the jurisdictional element and alternative theories of

8

1  defendant's liability, satisfies the government's obligation to

2  inform defendant of the nature of the charges against him and the

3  government's theories such that he can prepare for trial.

4       Tracking statutory language provides sufficient notice. <u>See</u>

5  <u>United States v. Cerna</u>, Case No. CR 08-0730 WHA, 2009 WL 2998929, at

6  *4 (N.D. Cal. Sept. 16, 2009).  Specifically, in <u>Cerna</u>, the court

7  rejected defendant's request for further specificity than the

8  language in the indictment, holding the phrasing of the indictment

9  was "adequate" insofar as "it simply tracks the statutory language,"

10 with "alternatives charged in the conjunctive." <u>Id.</u>  Thus, while the

11 government would "eventually need to prove one of these

12 alternatives," the court held the indictment language was "adequate"

13 "at this stage . . . to put defendant on notice of the charges and

14 permit him to prepare a defense." <u>Id.</u>; <u>see also</u> <u>United States v.</u>

15 <u>Norwood</u>, Case No. 12-CR-20287, 2014 WL 106857, at *2 (E.D. Mich. Jan.

16 10, 2014) (denying defendant's motion for a bill of particulars on

17 the grounds that the indictment "track[ed] the language" of the

18 relevant statute and therefore gave defendant "sufficient specificity

19 to enable him to know the nature of the charges against him").

20 Defendants are not entitled to use a bill of particulars to obtain

21 information that goes beyond these requirements. <u>See</u> <u>United States</u>

22 <u>v. DiCesare</u>, 765 F.2d 890, 897 (9th Cir. 1985), <u>amended on other</u>

23 <u>grounds</u>, 777 F.2d 543 (1985) (issue is whether "the indictment is

24 insufficient to permit the preparation of adequate defense"; court

25 affirmed denial where defendant requested names of unknown co-

26 conspirators, the exact date on which the conspiracy began, and a

27 delineation of all overt acts).

28

To be sure, a defendant is entitled to knowledge of the Government's theories, this does not extend to evidentiary detail. See Ryland, 806 F.2d at 942. Said another way, "a defendant is entitled to know whether the Government is proceeding on an aiding and abetting theory, but not the particular aiding and abetting conduct that the Government may intend to present at trial." United States v. Rothenberg, Case No. 20-CR-00266-JST-1, 2021 WL 6807581, at *3-4 (N.D. Cal. Dec. 6, 2021) (internal quotation marks omitted) (quoting United States v. Vargas, Case No. 15-CR-00530-BLF-2, 2016 WL 1446773, at *4 (N.D. Cal. Apr. 13, 2016) (ordering a bill of particulars only as to whether the government was proceeding on a aiding and abetting theory but denying all requests evidentiary detail or how the government would prove its case)).

Here, defendant's demand for a bill of particulars demonstrates his awareness of the government's theories, which include that he aided and abetted others in addition to committing the substantive offense. (See Mot. at 1-2 (government's theories of liability underly two of defendant's three requests).) "Aiding and abetting is implied in every federal indictment for a substantive offense." United States v. Armstrong, 909 F.2d 1238, 1241 (9th Cir. 1990). An indictment, as was done here, may charge a defendant with being both a principal and aider and abettor. Rothenberg, 2021 WL 6807581, at *3 (quoting United States v. Ellis, 121 F. Supp. 3d 927, 941 (N.D. Cal. 2015), supplemented, Case No. 13-CR-00818 PJH, 2015 WL 6551628 (N.D. Cal. Oct. 29, 2015). As the defendant did in Rothenberg, defendant "asks too much." The government's theories were explicit in the indictment: defendant committed a substantive crime as well as aided and abetted the same crime, no further identification of who

10

defendant aided and abetted or what acts is required.  2021 WL 6807581, at *4.  Defendant "can reasonably search the discovery . . . for more information on the aiding and abetting charge[]."  Id.  This is especially true here, where the complaint and discovery show defendant interact with others charged with an offense in the vicinity a few hours earlier.  These were the same individuals defendant was with when he was arrested by statute authorities after defendant hurled a rock towards LAPD officers (albeit missing and landing closer to others).

Finally, the simplicity of the single charge for which defendant demands additional particularity stands in contrast to the complex crimes in which courts have ordered bills of particular.  See, e.g., United States v. Hsia, 24 F.Supp.2d 14 (D.D.C. 1998) (even in a complex fraud conspiracy the court only found defendant entitled to a bill of particulars on a single object of the conspiracy); United States v. Alvarez, Case No. 14-CR-00120 EMC (NC), 2014 WL 7240670 (N.D.Cal. Dec. 19, 2014) (granting in part the defendants' motion for bill of particulars where the superseding indictment charged three different conspiracies, including "a conspiracy with a long and vague time period (since at least the early 1990s) and [ ] a conspiracy that involves members of two affiliated organizations").  Here, the indictment alleges a single date, a single civil disorder, with a single organization being the object of defendants' obstruction, impediment, and interference.  Defendant's complaints about the complaint do not alter the requirements of what notice an indictment must provide.

**C.    Discovery Obviates the Need for a Bill of Particulars**

While the language of the Indictment itself satisfies the government's obligation here, the discovery in the form of records, photographs, and primarily video that has already been produced eliminates doubt that defendant has the information necessary to prepare his defenses.

The Ninth Circuit has repeatedly held that "[f]ull discovery . . . obviates the need for a bill of particulars." Giese, 597 F.2d at 1180; see also Ayers, 924 F.2d at 1484 (upholding the denial of the motion for a bill of particulars because of the information alleged in the indictment combined with the "significant amount of discovery"); Long, 706 F.2d at 1054 ("Full disclosure will obviate the need for a bill of particulars."); United States v. Singh, Case No. 2:14-CR-00648-CAS-9, 2017 WL 3701448, at *12 (C.D. Cal. Aug. 17, 2017) ("[B]ecause the bulk of discovery in this case has already been provided to defendant, there is little basis for ordering the Government to provide additional information.") (citing Giese, 597 F.2d at 1180–81)).

The government has begun producing discovery to defendant, including a video recording of the throw pictured in the complaint. This video, discovery already produced, and discovery the government anticipates producing once defendant provides the government with a requested hard drive will provide more than ample basis for counsel to reasonably review and answer what defendant asks for in a bill of particulars.  The government need not provide more, especially when it is plain from the discovery other individuals in the vicinity of defendant's rock throw and actions in this civil disorder, and individuals defendant was with before and after.  Defendant has an

1  advantage that many do not -- having sat through and having a

2  transcript of a proceeding over related conduct.  The government has

3  provided the discoverable materials from this state proceeding

4  already, should the government obtain further discoverable materials,

5  the government will expeditiously produce it.

6      **D.**   **There is No Basis for the Additional Disclosures Defendant**

7           **Demands**

8      In light of the sufficiently pled Indictment, and discovery

9  including voluminous video available to defendant, a bill of

10 particulars is wholly unnecessary to provide what defendant is

11 entitled to.  Nonethless, defendant demands more.  Rather,

12 defendants' motion claims he is entitled to essentially force the

13 government, in a pre-trial setting, to map-out for defendants the

14 precise manner through which the government will establish

15 defendants' guilt.  Defendant is wrong: the law does not entitle him

16 to more.  The Ninth Circuit has made clear that "[a]n indictment must

17 provide the essential facts necessary to apprise a defendant of the

18 crime charged; it need not specify the theories or evidence upon

19 which the government will rely to prove those facts."  United States

20 v. Mancuso, 718 F.3d 780, 790 (9th Cir. 2013) (citation omitted).

21 Indeed, "[a]cquisition of evidentiary detail is not the function of

22 the bill of particulars."  Long, 449 F.2d at 294-95.  And in

23 DiCesare, the Ninth Circuit explicitly held that a "bill of

24 particulars is not warranted to . . . delineate all other overt acts

25 that comprised the charged activity."  765 F.2d at 897-98.  Likewise,

26 an "indictment is not required to specifically allege how a violation

27 was committed."  United States v. Galecki, Case No. 15-cr-00285-APG-

28 PAL, 2018 WL 2390062, at *3-4 (D. Nev. May 24, 2018) (citing DiCesare

1  to deny request for bill of particulars where it asked for "specific

2  acts or conduct in reference to particular paragraphs or counts");

3  see also United States v. Miguel, Case No. No. CR 10-00527, 2010 WL

4  3528984, at *4 (D. Haw. Sept. 9, 2010) (citing DiCesare to deny bill

5  of particulars where defendant argued that the overt acts were not

6  "sufficiently specific").

7      The case law is clear that a bill of particulars is "not

8  intended to give a preview of the case or unduly restrict the

9  government" at trial.  United States v. Young & Rubicam, Inc., 741 F.

10 Supp. 334, 349 (D. Conn. 1990) (collecting cases).  To the contrary,

11 the government "may not be compelled to provide a bill of particulars

12 disclosing the manner in which it will attempt to prove the charges,

13 the precise manner in which the defendant committed the crimes

14 charged, or a preview of the government's evidence or legal

15 theories."  United States v. Ojeikere, 299 F. Supp.2d 254, 261

16 (S.D.N.Y. 2004).  Defense counsel provides no legal basis to require

17 the government to explain its theory of guilt and how it will argue

18 defendant's acts were intended to obstruct, interfere, or impede.

19 Rather, it seems defense counsel would prefer to engage in closing

20 arguments amongst each other now rather than before the finder of

21 fact.

22 **V.    CONCLUSION**

23     For the foregoing reasons, the government respectfully requests

24 that this Court deny defendant's motion for a bill of particulars in

25 its entirety.

26

27

28

Certificate of Compliance

The undersigned, counsel of record for Plaintiff United States of America, certifies that this brief contains 3,843 words, which:

_X_  complies with the word limit of L.R. 11-6.1.

Dated: December 5, 2025        Respectfully submitted,

                              BILAL A. ESSAYLI
                              First Assistant United States Attorney

                              ALEXANDER B. SCHWAB
                              Assistant United States Attorney
                              Acting Chief, Criminal Division


                              _____/s/ Rahul R.A. Hari_____
                              RAHUL R.A. HARI
                              Assistant United States Attorney

                              Attorneys for Plaintiff
                              UNITED STATES OF AMERICA