Outlook

---

## Re: Cage Personal Property

---

**From** Meghan Blanco <mblanco@meghanblanco.com>

**Date** Mon 11/3/2025 11:39 AM

**To** Long, Jenna (USACAC) <Jenna.Long@usdoj.gov>; Thakor, Neil (USACAC) <Neil.Thakor@usdoj.gov>; Hari, Rahul (USACAC) <Rahul.Hari@usdoj.gov>

📎 2 attachments (376 KB)
Cage PD Sentencing Memo.pdf; Minute Order Aug 20.pdf;

Hi Jenna-

I am still waiting on additional transcripts—fortunately, because there was an appeal, many of them are available through the clerk's office at CCB. The matter was originally presented to the District Attorney as a felony. The DA rejected felony charges and referred the case to the City Attorney for misdemeanor filings. Then, prior to trial, the assigned City Attorney moved to dismiss the very charge that forms the basis of the federal complaint (throwing a rock at law enforcement, as described in paragraph 17 of the federal filing). The dismissal was based on insufficient evidence: officers were over 100 feet away, and there is no evidence Mr. Cage threw anything at law enforcement. He tossed the rock straight upward, and it landed a few feet from where it was released. None of this was disclosed to the magistrate at the initial appearance, which is concerning.

The federal complaint references "rocks," plural, and suggests this occurred on the 101 freeway. My understanding is that there was only a single rock involved—not multiple, and not on the freeway. Do you have evidence supporting that Mr. Cage threw *rocks* (plural) *at* anyone? And can you clarify the source for the assertion in paragraph 6 that this occurred on the 101 freeway?

Additionally, the state court ordered the release of Mr. Cage's phone (the phone seized June 9). Based on text messages from the DA's office, it appears local officers were directed to provide the phone to the FBI despite the state court's release order. Was a federal warrant obtained for that seizure/transfer? There may be an OSC in state court regarding compliance with the release order, and I want to be sure the PD's office is aware if officers/agents were acting under a valid federal warrant.

Attached are the August minute order and the PD's sentencing memorandum, which summarizes the basis for the dismissal of Count 2 prior to trial.

Can you clarify the relationship—if any—between Mr. Cage and the individuals listed after him on the federal complaint?

And lastly, can you send me the videos described in the affidavit? I have PDF discovery from the state case but the videos were too large to send over email.

Thanks so much,

Meghan

Meghan A. Blanco

Attorney at Law

Law Offices of Meghan Blanco

mblanco@meghanblanco.com

(949) 296-9869 | (800) 610-1900

www.meghanblanco.com

---

**From:** Long, Jenna (USACAC) <Jenna.Long@usdoj.gov>
**Sent:** Friday, October 31, 2025 11:32 AM
**To:** Meghan Blanco <mblanco@meghanblanco.com>; Thakor, Neil (USACAC) <Neil.Thakor@usdoj.gov>; Hari, Rahul (USACAC) <Rahul.Hari@usdoj.gov>
**Subject:** Re: Cage Personal Property

Hi Meghan,

Looping in Neil and Rahul as well. I believe at least some (if not all) of that can be released. We'll send an email once we coordinate logistics but I think the agent will either be available with it downtown one day or it can be picked up from him at Westwood if that day doesn't work. We should email logistics this afternoon.

Can you send over the transcripts you mentioned in court? Thanks!

Jenna

**Jenna W. Long**
T: 213-894-8692 | jenna.long@usdoj.gov

---

**From:** Meghan Blanco <mblanco@meghanblanco.com>
**Sent:** Friday, October 31, 2025 11:27:24 AM
**To:** Long, Jenna (USACAC) <Jenna.Long@usdoj.gov>
**Subject:** [EXTERNAL] Cage Personal Property

Hi Jenna-
Can agents release Mr. Cage's personal property: his phone (the phone he had at the time of the offense was seized in June), keys and wallet?
Thanks,
Meghan