**Outlook**

### Re: Cage Personal Property

| | |
|---|---|
| **From** | Meghan Blanco <mblanco@meghanblanco.com> |
| **Date** | Tue 11/4/2025 6:52 PM |
| **To** | Long, Jenna (USACAC) <Jenna.Long@usdoj.gov>; Thakor, Neil (USACAC) <Neil.Thakor@usdoj.gov>; Hari, Rahul (USACAC) <Rahul.Hari@usdoj.gov> |
| **Cc** | ian.yanniello@usdoj.gov <ian.yanniello@usdoj.gov>; George B. Newhouse, Jr. <george@richardscarrington.com> |

Hi Jenna,

I spoke with Mr. Cage moments ago. He does not wish to waive time.

As I mentioned in my earlier group email, I believe the government has an obligation to correct the inaccurate information in the complaint, including: (1) the DA's rejection of felony charges; (2) the City Attorney's dismissal of the very same **misdemeanor** conduct described in paragraph 17; and (3) an accurate description of the video, which shows that officers were approximately 1-200 feet away from Mr. Cage and not in the vicinity of him or the rock he threw straight upward.

With those corrections made, I do not believe the complaint will support a finding of probable cause as to Mr. Cage. However, if the office intends to proceed after making the required corrections to the magistrate judge, I would like disclosure of the jury instructions that were or will be provided to the grand jury. The elements you described on the phone earlier do not appear to be supported by any caselaw I have located.

Thanks again,

Meghan



Meghan A. Blanco

Attorney at Law

Law Offices of Meghan Blanco

mblanco@meghanblanco.com

(949) 296-9869 l (800) 610-1900

[www.meghanblanco.com](www.meghanblanco.com)

**From:** Meghan Blanco <mblanco@meghanblanco.com>
**Sent:** Monday, November 3, 2025 6:59 PM
**To:** Long, Jenna (USACAC) <Jenna.Long@usdoj.gov>; Thakor, Neil (USACAC) <Neil.Thakor@usdoj.gov>; Hari, Rahul (USACAC) <Rahul.Hari@usdoj.gov>
**Subject:** Re: Cage Personal Property

Happy to talk. I've reviewed the trial transcripts and have serious concerns about what was presented to the magistrate judge. I don't yet have the August 20 transcripts, but I do have the texts and emails—and they're concerning. I'm available anytime tomorrow.
I don't want to pressure you, but I strongly believe in the legitimacy of my former office. I'm not sure I want to waive. As things stand, I'm ready to proceed on the papers and before a jury.

---

**From:** Long, Jenna (USACAC) <Jenna.Long@usdoj.gov>
**Sent:** Monday, November 3, 2025 6:03:12 PM
**To:** Meghan Blanco <mblanco@meghanblanco.com>; Thakor, Neil (USACAC) <Neil.Thakor@usdoj.gov>; Hari, Rahul (USACAC) <Rahul.Hari@usdoj.gov>
**Subject:** RE: Cage Personal Property

Hey Meghan,

Thanks for sending these, its helpful to see what you can pull since hilariously we can't access those easily.  We really want to figure out what happened with the state arrest and what the right outcome for this charge federally is.

Admittedly, I am a bit confused, because the officer specific assault count I see was dismissed in the furtherance of justice (which a pretty wide open reason why), another other assault (with a deadly weapon) was not dismissed and he was convicted of that.  Our agents just got the transcript today, we requested they urgently get them given what you said at the initial appearance, so we wanted to figure this out.  I've attached transcript and the complaint.  I haven't finished the transcript since I am sending it to you right away.  But given the assault conviction that would have still required intent to injure and  included the rock.

As to the phone, I saw that release order, we did not obtain a warrant for it, at this time we don't intend to obtain a warrant for it, it is my understanding that federal agents did not request it be retained for our purposes, the release of that phone is a matter for the state authorities in state court not involving us feds.

Happy to talk through other questions you may have and your request for pre-indictment discovery if you want to set up a call, maybe tomorrow?  In the meantime, since Mr. Cage did make bond would you consider agreeing for his preliminary to be moved to the 19th with some of the other defendants rather than the 10th?  We really want to make sure we consider the information you provide and discuss the appropriate next steps here and that additional time would facilitate that and maybe being able to give you some materials early.

Let us know, thanks,

Jenna

**Jenna W. Long**
T: 213-894-8692 | jenna.long@usdoj.gov

**From:** Meghan Blanco <mblanco@meghanblanco.com>
**Sent:** Monday, November 3, 2025 11:40 AM
**To:** Long, Jenna (USACAC) <Jenna.Long@usdoj.gov>; Thakor, Neil (USACAC) <Neil.Thakor@usdoj.gov>; Hari, Rahul (USACAC) <Rahul.Hari@usdoj.gov>
**Subject:** [EXTERNAL] Re: Cage Personal Property

Hi Jenna-

I am still waiting on additional transcripts—fortunately, because there was an appeal, many of them are available through the clerk's office at CCB. The matter was originally presented to the District Attorney as a felony. The DA rejected felony charges and referred the case to the City Attorney for misdemeanor filings. Then, prior to trial, the assigned City Attorney moved to dismiss the very charge that forms the basis of the federal complaint (throwing a rock at law enforcement, as described in paragraph 17 of the federal filing). The dismissal was based on insufficient evidence: officers were over 100 feet away, and there is no evidence Mr. Cage threw anything at law enforcement. He tossed the rock straight upward, and it landed a few feet from where it was released. None of this was disclosed to the magistrate at the initial appearance, which is concerning.

The federal complaint references "rocks," plural, and suggests this occurred on the 101 freeway. My understanding is that there was only a single rock involved—not multiple, and not on the freeway. Do you have evidence supporting that Mr. Cage threw *rocks* (plural) *at* anyone? And can you clarify the source for the assertion in paragraph 6 that this occurred on the 101 freeway?

Additionally, the state court ordered the release of Mr. Cage's phone (the phone seized June 9). Based on text messages from the DA's office, it appears local officers were directed to provide the phone to the FBI despite the state court's release order. Was a federal warrant obtained for that seizure/transfer? There may be an OSC in state court regarding compliance with the release order, and I want to be sure the PD's office is aware if officers/agents were acting under a valid federal warrant.

Attached are the August minute order and the PD's sentencing memorandum, which summarizes the basis for the dismissal of Count 2 prior to trial.

Can you clarify the relationship—if any—between Mr. Cage and the individuals listed after him on the federal complaint?

And lastly, can you send me the videos described in the affidavit? I have PDF discovery from the state case but the videos were too large to send over email.

Thanks so much,

Meghan

Meghan A. Blanco
Attorney at Law

Law Offices of Meghan Blanco

mblanco@meghanblanco.com

(949) 296-9869 l (800) 610-1900

www.meghanblanco.com

**From:** Long, Jenna (USACAC) <Jenna.Long@usdoj.gov>
**Sent:** Friday, October 31, 2025 11:32 AM
**To:** Meghan Blanco <mblanco@meghanblanco.com>; Thakor, Neil (USACAC) <Neil.Thakor@usdoj.gov>; Hari, Rahul (USACAC) <Rahul.Hari@usdoj.gov>
**Subject:** Re: Cage Personal Property

Hi Meghan,

Looping in Neil and Rahul as well. I believe at least some (if not all) of that can be released. We'll send an email once we coordinate logistics but I think the agent will either be available with it downtown one day or it can be picked up from him at Westwood if that day doesn't work. We should email logistics this afternoon.

Can you send over the transcripts you mentioned in court? Thanks!

Jenna

**Jenna W. Long**
T: 213-894-8692 | jenna.long@usdoj.gov

---

**From:** Meghan Blanco <mblanco@meghanblanco.com>
**Sent:** Friday, October 31, 2025 11:27:24 AM
**To:** Long, Jenna (USACAC) <Jenna.Long@usdoj.gov>
**Subject:** [EXTERNAL] Cage Personal Property

Hi Jenna-
Can agents release Mr. Cage's personal property: his phone (the phone he had at the time of the offense was seized in June), keys and wallet?
Thanks,
Meghan